USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
BETTY FLOYD,

                         Plaintiff,

           -against-

GLENN GARDENS ASSOCIATES; GRENADIER
REALTY CORP.; GUTMAN, MINTZ,
SONNENFELDT; and THE CITY OF NEW YORK
DEPT. OF HOUSING PRESERVATION &
DEVELOPMENT,

                         Defendants.
-------------------------------------------------------------------- X

18-CV-8519 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff Betty Floyd brings this action against Defendants Glenn Gardens Associates; Grenadier Realty Corp.; Gutman, Mintz, Baker & Sonnenfeldt LLP ("Gutman"); and the New York City Department of Housing Preservation and Development ("HPD") (collectively, "Defendants") for alleged violations of her rights in connection with changes to her federal housing subsidy and related claims regarding her current residence. *See* Am. Compl., Dkt. 39. Specifically, Plaintiff asserts claims under the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.* ("FHA"); the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* ("RA"); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); the New York State Human Rights Law, N.Y. Executive Law § 296 ("NYSHRL"); and the New York City Human Rights Law, § 8-101 *et seq.* ("NYCHRL"). Plaintiff also alleges discrimination in violation of 42 U.S.C. § 1983 ("§ 1983"), due process violations under the United States Constitution, and improper rent increase and an attempted illegal eviction by her landlord. Am. Compl. ¶¶ 6, 22, 29–30. Before the Court are Defendants'

1

motions to dismiss, Dkts. 51, 53, 56, and Plaintiff's motion for leave to file a second amended complaint, Dkt. 65. On December 19, 2018, this Court referred the case to Magistrate Judge Aaron for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Dkt. 20. On January 6, 2020, Judge Aaron issued his Report and Recommendation to this Court, recommending that Defendants' motions to dismiss be granted and Plaintiff's motion for leave to amend be denied. Dkt. 70. On January 19, 2020, Plaintiff objected to the Report and Recommendation. Dkt. 71.

## BACKGROUND

Plaintiff has resided in a two-bedroom apartment with a terrace for over twenty-five years. Am. Compl. at 15 ¶ 14. Since September 2003, Plaintiff has participated in the Section 8 Housing Choice Voucher Program ("Section 8"), a program that provides federal funding to the owners of leased housing for the purpose of aiding low-income families in obtaining a place to live. *Id.* at 14-16 ¶¶ 7, 16, 18; 42 U.S.C. § 1437f(a). As a recipient of an "Enhanced Voucher," Plaintiff receives a subsidy from HPD based on her income. *Id.* at 16 ¶¶ 18-19. In 2008, HPD determined that Plaintiff, a single-member household, was not entitled to a two-bedroom apartment, but was entitled to an apartment with a terrace as a reasonable accommodation for a medical condition.[1] *Id.* at 61–62. Because no smaller apartment with a terrace was available in the building at the time, Plaintiff was permitted to remain in her two-bedroom apartment until HPD and the landlord could identify a smaller unit with a terrace. *Id.* at 62.

In 2014, HPD determined that Plaintiff was "overhoused" in a two-bedroom apartment and was required to move into a smaller unit. *See* Decision & Order, Moston Decl. Ex. B, Dkt.

---

[1] The portion of the 2008 HPD decision that Plaintiff attached to her Amended Complaint does not describe the medical condition giving rise to the need for an accommodation. Am. Compl. at 61-62. Plaintiff subsequently failed to provide HPD with verification of her alleged disability. *Id.* at 78-80.

54-2, at 1; Am Compl. at 78. Plaintiff challenged HPD's determination in an Article 78 proceeding in New York Supreme Court; on January 6, 2016, the court denied Plaintiff's petition, finding that because she had failed to provide HPD with verification of her alleged disability, HPD's determination that she was overhoused was not arbitrary and capricious. Am. Compl. at 78-80. Although Plaintiff's landlord offered her a smaller unit in the same building, Plaintiff refused to move. *See* Am. Compl. at 48. On August 30, 2016, HPD notified Plaintiff that her Enhanced Voucher would be converted to a Regular Section 8 Voucher and reduced the subsidy to that provided for a one-bedroom apartment. The effect of that action was to increase Plaintiff's monthly share of the rent. *Id.*

Plaintiff filed her initial complaint in this case on September 17, 2018; on June 12, 2019, this Court granted Plaintiff's request to file an amended complaint. Dkt. 40. In addition to monetary relief, Plaintiff seeks an order reinstating her Enhanced Voucher as well as other benefits, including social security and pension benefits. Am. Compl. at 17 ¶¶ 27-28. Defendants move to dismiss Plaintiff's voucher-related claims on the grounds that they are time-barred and barred by collateral estoppel, and move to dismiss her remaining claims for failure to state a claim. Defendant Gutman specifically moves to dismiss for failure to state a claim based on Plaintiff's failure to make any specific allegations against him.

## **DISCUSSION**

In reviewing a Report and Recommendation ("R&R"), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y.

July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" *Petyan v. New York City Law Dpt.*, No. 14-CV-1434, 2015 WL 4104841, at *1 (S.D.N.Y. July 2, 2015) (internal citation omitted), the objections still "must be specific and clearly aimed at particular findings," *Harden v. LaClaire*, No. 07-CV-4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008); *see also Schildwachter v. Berryhill*, No. 17-CV-7277, 2019 WL 1115026, at *1 (S.D.N.Y. Mar. 11, 2019) (holding that in order to preserve objections for appeal, the objections "must refer 'to specific findings or recommendations' in the R&R and must support their positions with legal authority") (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely

perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

Plaintiff filed objections to the Report and Recommendation on January 19, 2020. Dkt. 71. Plaintiff's objections, however, fail to object to any specific findings or recommendations in the Report. The majority of Plaintiff's objection is dedicated to repeating the same facts and claims alleged in her Amended Complaint. Plaintiff does not reference any "specific findings or recommendations" in the R&R or support her objections with any legal authority.

The only paragraph in Plaintiff's objections that might be construed as a specific objection to Magistrate Judge Aaron's R&R is paragraph 13: Plaintiff states that she "is not attempting to relitigate the issues in state court but make clear the Defendants' refusal to file briefs in the United States Supreme Court." Dkt. 71 ¶ 13. Based on the documents attached to her Amended Complaint, Plaintiff appears to be referring to Defendants' decision to waive their opportunity to respond to Plaintiff's petition for a writ of certiorari in the United States Supreme Court. Am. Compl. at 69–71. Defendants' waivers, however, have no impact on the conclusions reached in the R&R.

Because Plaintiff's letter does not contain objections "clearly aimed at particular findings," *Harden*, 2008 WL 4735231, at *1, but are instead "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Ortiz*, 558 F. Supp. 2d at 451 (internal quotations omitted), the Court reviews the Report for clear error. Careful review of Magistrate Judge Aaron's R&R reveals that there is no clear error in its conclusions. Accordingly, the Court adopts the R&R in full.

**CONCLUSION**

For all the foregoing reasons, this Court adopts the R&R in its entirety. Defendants' motions to dismiss are GRANTED. Plaintiff's motion for leave to amend in DENIED. Because the R&R gave the parties adequate warning, *see* R&R, Dkt. 70 at 17, Plaintiff's failure to file adequate and specific objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Mario*, 313 F.3d at 766. Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note mailing on the docket. The Clerk of Court is also directed to close the open motions at Docket Entries 51, 53, 56, and 65 and close this case.

**SO ORDERED:**

**January 31, 2020**                  **VALERIE CAPRONI**
**New York, New York**                **United States District Judge**